Steven L. Yarmy, Esq.
Nevada Bar No. 8733
7464 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 586-3513
(702) 586-3690 FAX
sly@stevenyarmylaw.com
Attorney for Plaintiff Benjamin B. Childs

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>JAMES PAUL SCHRAMM and RENELYN GUILLERMO SCHRAMM,<br><br>Debtors. | Case No.: 19-17165-abl<br><br>Chapter 11<br><br>Adv. No: |
| BENJAMIN B. CHILDS, ESQ.<br><br>Plaintiff,<br>vs.<br><br>RENELYN GUILLERMO SCHRAMM,<br><br>Defendants | **VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. Sec. 523 (a)(5) and (a)(15)** |

Plaintiff, Benjamin B. Childs, Esq., by and through his attorney Steven L. Yarmy, Esq., as and for his complaint against Defendant Renelyn Guillermo Schramm, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. On November 5, 2019, the Debtors filed a voluntary petition under chapter 7 commencing the above-captioned case.

2. The Debtors are husband and wife residing in the State of Nevada.

11 U.S.C. § 523 (a)(5) and (a)(15)- 1

BBC

3. Plaintiff Benjamin B. Childs, Esq. ("Plaintiff") is an attorney who resides and works in the State of Nevada.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

6. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

7 The deadline to file a complaint to determine dischargeability of debts in this bankruptcy case was February 10, 2020. Thereafter, Plaintiff received an extension of time to file this complaint until March 26, 2020 (ECF 101). Therefore, Plaintiff's complaint is timely filed.

8. Pursuant to Local Rule 7008, Plaintiff does consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## GENERAL ALLEGATIONS

9. Plaintiff Benjamin B. Childs, Esq. is an attorney duly authorized to practice law in the State of Nevada.

10. Plaintiff represented James Picone, the Plaintiff in a Family Law action Case No. D-14-495928-P regarding custody of a child. Defendant Renelyn Guillermo was the Defendant in the Family Law action.

11. The Family Law matter was set for trial. The Plaintiff James Picone prevailed. Attorney's fees were awarded to the Plaintiff in this action. ***See Amended Judgment attached hereto as EXHIBIT "1."***

*BBC*

11 U.S.C. § 523 (a)(5) and (a)(15) - 2

12. The Attorney Fee award in favor of Plaintiff Benjamin B. Childs, Esq. was a result of a Domestic Support Obligation (DSO). Here, payment of child support.

13. **Pursuant to 11 U.S.C. Sec. 523 (a)(5) and (a)(15) as follows, DSO is non-discharhgeable.**

   11 U.S. Code § 523.Exceptions to discharge
   (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   (5) for a domestic support obligation; and
   (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

   **11 USC § 101(14A)**
   domestic support obligation
   (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is— (A) owed to or recoverable by— (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated; (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of— (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

   **FIRST CLAIM FOR RELIEF**
   11 U.S.C. § 523 (a)(5)

14. Plaintiff incorporates all allegations contained in paragraphs 1-13 above as fully incorporated herein.

11 U.S.C. § 523 (a)(5) and (a)(15)- 3

BBC

15. Plaintiff received an award of attorney's fees in a child custody action in Clark County Nevada.

16. Child custody actions and resulting payments and attorney fees are Domestic Support Obligations.

17. Pursuant to 11 U.S.C. § 523 (a)(5) Domestic Support Obligations are non-dischargeable debts in any bankruptcy action

18. Plaintiff has incurred attorneys' fees as a result of this action.

## SECOND CLAIM FOR RELIEF
## 11 U.S.C. § 523 (a)(15)

19. Plaintiff incorporates all allegations contained in paragraphs 1-18 above as fully incorporated herein.

20. Plaintiff received an award of attorney's fees in a child custody action in Clark County Nevada.

21. Child custody actions and resulting payments and attorney fees are Domestic Support Obligations.

22. Pursuant to 11 U.S.C. § 523 (a)(15) Domestic Support Obligations are non-dischargeable debts in any bankruptcy action

23. Plaintiff has incurred attorneys' fees as a result of this action.

24. Plaintiff is entitled to an award of attorney fees and court costs under Nevada Revised Statute 18.160(f) and seeks an Order from this Court as to the necessity, propriety and amount as pursuant to that statute.

**WHEREFORE**, the Plaintiff respectfully request that this court enter an order that Plaintiff Benjamin B. Childs' attorney fee award pursuant to a domestic support obligation is non-

11 U.S.C. § 523 (a)(5) and (a)(15)- 4

BBC

dischargeable pursuant to 11 U.S.C. § 523 (a)(5) and 11 U.S.C. § 523 (a)(15) and awarding him his attorney fees and costs.

**RESPECTFULLY SUBMITTED:**

Dated: This 25 day of March 2020

**/s/Steven L. Yarmy, Esq.**
Steven L. Yarmy, Esq.
Nevada Bar No. 8733
*Attorney for Plaintiff Benjamin B. Childs*

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

*BBC*

11 U.S.C. § 523 (a)(5) and (a)(15) - 5

## **VERIFICATION**

I Benjamin B. Childs, Esq. under penalty of perjury of the laws of the United States of America declares as follows:

1. I have read the forgoing Complaint to Determine Dischargeability of a Debt.

2. I have personal knowledge regarding all events described in the foregoing Complaint.

3. The facts alleged are true and correct to the best of my knowledge, information, and belief.

4. If called to testify in this matter, I can and will testify competently to the facts alleged in the Complaint

5. I received an attorney fee award for prosecuting a child custody action in favor of my client in a child custody action in Family Court, Las Vegas, Nevada, Case No. D-14-495928-P in the amount of $38,780. For fees and $1,803.04 in costs, for a total of $40,583.04, as set forth in the Judgment attached as Exhibit 1 hereto.

6. I have incurred attorney fees and costs supplementary to execution, which attorney fees and costs continue to accrue.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 25, 2020.

*Benjamin B. Childs*
Benjamin B. Childs, Esq.
Plaintiff

BBC

11 U.S.C. § 523 (a)(5) and (a)(15) - 6

# EXHIBIT 1

Electronically Filed
09/24/2019

CLERK OF THE COURT

BENJAMIN B. CHILDS, ESQ.
State Bar # 3946
BENJAMIN B. CHILDS, LTD.
318 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 385-3865
Facsimile: (702) 385-1847
ben@benchilds.com
Attorney for Plaintiff
In conjunction with Legal Aid Center of Southern Nevada Pro Bono Project

DISTRICT COURT
CLARK COUNTY, NEVADA

JAMES PICONE

    Plaintiff

v.

RENELYN BAUTISTA nka RENELYN SCHRAMM

    Defendant

CASE NO. D-14-495928-P
DEPT. NO. N

AMENDED JUDGMENT

This Amended Judgment is filed to correct the name of Defendant, which was misspelled in the Judgment filed September 17, 2019.

Judgment is entered in favor of attorney BENJAMIN B. CHILDS against RENELYN BAUTISTA nka RENELYN SCHRAMM for attorney fees in the amount of $38,780.00 and court costs advanced in the amount of $1,803.04, for a total judgment amount of $40,583.04.

The basis for this judgment is set forth in the AMENDED DECISION AND ORDER ON AWARD OF ATTORNEY'S FEES/COSTS filed August 21, 2019 and the DECISION AND ORDER filed June 18, 2019. Plaintiff was the prevailing party. Attorney fees are awarded under NRS 125C.250, set forth below.

NRS 125C.250 - Attorney's fees and costs:

Except as otherwise provided in NRS 125C.0689, in an action to determine legal custody, physical custody or visitation with respect to a child, the court may order reasonable fees of counsel and experts and other costs of the proceeding to be paid in proportions and at times determined by the court.

BBC

Page 1 of 2

This judgment is awarded after a custody trial requested by Defendant without reasonable grounds. BENJAMIN B. CHILDS was the attorney for Plaintiff JAMES PICONE during that proceeding.

This judgment is collectable by any legal means with the unpaid principal amount accruing interest at the legal rate pursuant to NRS 17.130(2).

Dated September 19, 2019

_____
DISTRICT COURT JUDGE

Respectfully drafted and submitted by :

*Benjamin B. Childs*
BENJAMIN B. CHILDS, ESQ.
NEVADA BAR # 3946
Attorney for Plaintiff

BBc